**UNITED STATES of America,**

v.

**Pablo DIAZ–HIMELY, Appellant.**

**United States of America,**

v.

**Arnaldo Mendinueta–Ibarro, Appellant.**

**Nos. 01–2410, 01–2511.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 5, 2002.

Filed March 20, 2002.

Before ALITO, RENDELL and HALL,* Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Defendants Diaz–Himely and Mendinueta–Ibarro have filed appeals from their convictions and sentences in the District Court. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 18 U.S.C. § 3742(a).

Ninth Circuit, sitting by designation.

**24**

Appellant Diaz–Himely objects to the admission of evidence that he failed to notify his parole officer before traveling to New York, contending that admitting the evidence violated Rules 403 and 404(b) of the Federal Rules of Evidence. We have reviewed the record of the proceeding and, specifically the nature of objections lodged by counsel, and the limiting instruction given by the court with respect to this evidence, and do not find that the District Court abused its discretion in permitting the introduction of this evidence for a limited purpose. Accordingly, we will AFFIRM the District Court's Judgment and Conviction Order as to Appellant Diaz–Himely.

Appellant Mendinueta–Ibarro complains that the District Court improperly refused to grant a downward departure and failed to give "substantial weight to the government's evaluation of the defendant." He also requests the court to permit him to withdraw his guilty plea in order to correct a manifest injustice.

We have reviewed the record, including the District Court's consideration of the government's § 5K1.1 motion and conclude that the District Court's refusal to depart downward was based upon an exercise of discretion on the part of the court, and is thus not reviewable on appeal. See *United States v. Denardi*, 892 F.2d 269, 272 (3d Cir.1989).

We also find that a proper Rule 11 colloquy took place with respect to defendant's plea, and there is no basis for withdrawal of that plea. We will therefore AFFIRM the District Court's Judgment and Conviction Order as to appellant Mendinueta–Ibarro.